UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN McBRIDE,

    Plaintiff,

vs.                                                  Case No. 3:10-cv-511-J-34MCR

HUBBARD HOUSE, INC., et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion for a More Definite Statement (Doc. 6) filed June 18, 2010. Plaintiff, who is proceeding pro se, failed to file a response in opposition to this Motion and the time for doing so has passed. Accordingly, the matter is now ripe for judicial review.

On May 25, 2010, Plaintiff filed a Complaint (Doc. 1) in state court alleging negligence, fraud/misrepresentation, racial discrimination and gender discrimination. Defendants removed the action to this Court on June 15, 2010. In the instant motion, Defendants argue Plaintiff's Complaint is vague and ambiguous such that Defendants cannot frame a responsive pleading. Specifically, Defendants contend the Complaint is deficient in that it is a shotgun pleading and therefore, does not comply with Rule 10(b) of the Federal Rules of Civil Procedure; Plaintiff has failed to plead fraud with the required specificity; and Plaintiff has failed to identify the specific law or statute under which he is pursuing his gender discrimination claim.

As an initial matter, the Court will note that Plaintiff is proceeding pro se[1] and while courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Under Rule 12(e), Fed.R.Civ.P., "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The federal system employs notice pleading and therefore, motions for a more definite statement are generally disfavored. Scarfato v. National Cash Register Corp., 830 F.Supp. 1441, 1443 (M.D. Fla. 1993). The pleading must be so vague or ambiguous that "the party cannot reasonably be expected to respond." Id. The basis for requiring a more definite statement is not that the complaint lacked details, but rather that the complaint is unintelligible and the defendant is unable to respond. Securities and Exchange Commission v. Digital Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000). Only if a defendant is unable to respond by a simple denial "in good faith, without prejudice," will the Court grant a motion for more definite statement. Id. Moreover, pleadings are not too vague or ambiguous to enable a defendant to frame a responsive pleading where the type of information the defendant claims is missing would be more properly obtained via discovery rather than through a motion for a more definite statement. See Eye Care Intern., Inc. v. Underhill, 92 F.Supp.2d 1310, 1316 (M.D. Fla. 2000).

---

[1] Contemporaneously with the filing of this Order, the undersigned is also entering an Order providing Plaintiff with some guidance regarding the various rules with which he must be familiar and comply.

Here, the Court is not convinced Defendants are unable to formulate a response to the Complaint. While certainly lacking in some details, Plaintiff's Complaint is not unintelligible such that Defendants cannot respond. Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion for More Definite Statement (Doc. 6) is **DENIED**. Defendants shall file their response(s) to the Complaint no later than **Friday, July 30, 2010**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 16th day of July, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff